1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTHWEST IMMIGRANT RIGHTS PROJECT, | |
| Plaintiff, | Case No. 2:25-cv-83 |
| v. | **COMPLAINT** |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Defendant. | |

## INTRODUCTION

1.      This lawsuit challenges Defendant U.S. Immigration and Customs Enforcement (ICE)'s failure to disclose records relating to sexual abuse incidents at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. The detention center is operated by the GEO Group, Inc. (GEO), a private detention services company, pursuant to a contract with ICE.

2.      Plaintiff Northwest Immigrant Rights Project (NWIRP) is a legal services and advocacy organization that defends the rights of immigrant communities in Washington State, including individuals detained at NWIPC. NWIRP seeks to ensure that ICE and GEO respect those rights at NWIPC.

3.      Over the past year, through its work at NWIPC, NWIRP has received reports of sexual abuse incidents at NWIPC.

4.      In light of these reports, on October 2, 2024, NWIRP filed a Freedom of Information Act (FOIA) request with ICE requesting records regarding ICE and GEO's implementation of, monitoring of, and compliance with the Prison Rape Elimination Act, ICE's Sexual Abuse and Assault Prevention and Intervention policy, ICE's Performance Based National Detention Standards, and ICE and GEO's contract for NWIPC.

5.      Under FOIA, ICE had twenty business days to respond to NWIRP's request. In this case, ICE invoked a ten-day extension for producing responsive records. Although more than ninety days have passed since the filing of NWIRP's FOIA request, ICE has not yet provided a response.

6.      NWIRP now files this suit to compel Defendants to produce responsive records. In doing so, NWIRP seeks to hold ICE accountable to ensuring that sexual abuse and related incidents at NWIPC are properly reported, investigated, and ultimately prevented.

COMPLAINT - 1
Case No. 2:25-cv-83

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**JURISDICTION & VENUE**

7.      This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question).

8.      This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201–02, and Federal Rules of Civil Procedure 57 and 65.

9.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

**PARTIES**

10.      Plaintiff Northwest Immigrant Rights Project (NWIRP) is a nonprofit 501(c)(3) organization. NWIRP provides free legal services to, and advocates on behalf of, immigrant communities in Washington State, including individuals placed in detention at the NWIPC.

11.      Defendant U.S. Immigration and Customs Enforcement (ICE) is part of the U.S. Department of Homeland Security, and is the entity responsible for managing all aspects of the detention of noncitizens in immigration proceedings. ICE is an agency within the meaning of 5 U.S.C. § 552(f).

**FACTUAL ALLEGATIONS**

12.      NWIPC is an ICE detention facility in Tacoma, Washington. Individuals detained at the facility are in civil detention and are there to complete their removal proceedings or to await removal.

13.      NWIPC is operated by the GEO Group, a private company with whom ICE contracts to hold immigration detainees.

COMPLAINT - 2
Case No. 2:25-cv-83

14. Over the past year, NWIRP has received reports of sexual and physical abuse committed against detained persons by GEO guards at NWIPC.

15. The Prison Rape Elimination Act (PREA), ICE policies, and the contract between ICE and GEO for NWIPC provide detailed requirements regarding reporting of, responses to, and the investigation of sexual abuse allegations at facilities like NWIPC.

16. Specifically, these authorities require detailed audits, record-keeping, investigations, annual reviews, policies, and discipline (among other things) to help prevent sexual abuse at NWIPC and other similar facilities.

17. Under PREA, facilities like NWIPC are required to implement the Department of Justice's (DOJ) national standards for "the detection, prevention, reduction, and punishment of prison rape." 34 U.S.C. § 30307(a), (c).

18. Pursuant to these standards, facilities like NWIPC must be audited to ensure compliance every three years. 28 C.F.R. § 115.401.

19. To implement PREA and DOJ's national detention standards, ICE's Performance-Based National Detention Standards (PBNDS) and Sexual Abuse and Assault Prevention and Intervention (SAAPI) Memo prescribe a detailed set of policies and procedures relating to reports of sexual abuse or assault that every detention facility must follow. *See* ICE, Performance-Based National Detention Standards § 2.11 (Dec. 2016), https://www.ice.gov/doclib/detention-standards/2011/pbnds2011r2016.pdf (PBNDS); ICE, No. 11062.2, Sexual Abuse and Assault Prevention and Intervention (May 22, 2014), https://www.ice.gov/doclib/detention-reform/pdf/saapi2.pdf (SAAPI Memo).

20. For instance, PBNDS requires that "[a]ll allegations of sexual abuse or assault . . . be immediately reported to ICE/ERO," *id.* § 2.11.II.11, and that each detention facility have

COMPLAINT - 3
Case No. 2:25-cv-83

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

"written documentation requirements to ensure that each allegation or suspicion [of sexual abuse or assault] is properly reported and addressed," *id.* § 2.11.V.A.2.d.

21.    Under the PBNDS, every detention facility must "ensure that an administrative or criminal investigation is completed for all allegations of sexual abuse." *Id.* § 2.11.V.M.

22.    Where no criminal investigation has been completed, or where a criminal investigation finds that the allegation was substantiated, the facility must conduct an administrative investigation. *Id.* § 2.11.V.M.3.

23.    Where an administrative investigation is conducted, the facility must preserve "direct and circumstantial evidence, including . . . any available electronic monitoring data"; interview "alleged victims, suspected perpetrators, and witnesses"; review "prior complaints and reports of sexual abuse involving the suspected perpetrator"; document each investigation "by written report"; and retain such reports "for as long as the alleged abuser is detained or employed by the agency or facility, plus five years." *Id.*

24.    Upon conclusion of an administrative investigation, "the facility [must] notify the [ICE] Field Office Director of the results of the investigation and any responsive actions taken so that the information can be reported to ICE headquarters and to the detainee." *Id.*

25.    Additionally, each facility must "conduct a sexual abuse incident review at the conclusion of every investigation of sexual abuse." *Id.* § 2.11.V.M.5.

26.    The facility must "maintain all records associated with incidents of sexual abuse or assault in appropriately secure files and locations." *Id.* § 2.11.II.17; *see also id.* § 2.11.V.O (detailing various types of records and evidence relating to claims of sexual abuse that each facility is required to maintain).

COMPLAINT - 4
Case No. 2:25-cv-83

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

27.     Similarly, ICE's SAAPI Memo requires that ICE and GEO maintain certain records and reports.

28.     Among other things, ICE's SAAPI Memo requires facilities to "[r]eport to [the Office of Professional Responsibility (OPR)] any removals or resignations of staff in lieu of removal for violating agency or facility sexual abuse and assault policies." SAAPI Memo § 5.9(2)(c).

29.     The SAAPI Memo also mandates that ICE must determine and report to OPR "the result of all facility investigations of allegations of sexual abuse or assault and any associated disciplinary proceedings instituted against detainee abusers." *Id.* § Sec. 2.9(2)(b)).

30.     The Memo further requires facilities to provide notice to a detained person regarding the outcome of an investigation into a detained person's allegation of sexual abuse. *Id.* § 5.9(1)(k).

31.     In light of the reports NWIRP has received regarding NWIPC, NWIRP filed a request under the FOIA on October 2, 2024.

32.     The FOIA submission requested many of the records that the PREA national standards and ICE policies require ICE and GEO to produce and maintain.

33.     Specifically, NWIRP sought the following documents:

    a.  Audits regarding NWIPC conducted pursuant to PREA since August 20, 2019;

    b.  Written reports on sexual abuse incident reviews and follow-up correspondence since October 1, 2015, for incidents at NWIPC;

    c.  The results and findings of GEO's annual sexual abuse reviews at NWIPC since January 2021;

COMPLAINT - 5
Case No. 2:25-cv-83

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

     d.   Records of disciplinary actions, resignations, or personnel removal taken in response to sexual abuse allegations made since January 2021;

     e.   A copy of NWIPC's current written policies and procedures for sexual abuse allegations;

     f.   Records of incident reports, investigative reports, and case disposition documents for any sexual abuse allegation at NWIPC since January 2021;

     g.   Any reports regarding all facility investigations of sexual abuse since January 2021, as required by ICE's SAAPI memo;

     h.   All Notifications of Outcome of Allegation issued to detained persons for any sexual abuse allegation since January 1, 2021.

34.    NWIRP requested that ICE redact records where appropriate to protect the privacy interests of individuals identified in the requested materials.

35.    On October 8, 2024, NWIRP received an email from ICE acknowledging the receipt of the FOIA request.

36.    The email stated that, pursuant to 5 U.S.C. § 552(a)(6)(B), ICE would invoke a ten-day extension of FOIA's twenty-business-day requirement for producing a response. *See* 5 U.S.C. § 552(a)(6).

37.    Taking into account the ten-day extension, the agency's response to NWIRP's FOIA request was due by November 13, 2024.

38.    ICE has not provided any response to NWIRP's FOIA request.

39.    Many of the records NWIRP requested were previously requested by the University of Washington's Center for Human Rights (UWCHR). Specifically, UWCHR

COMPLAINT - 6
Case No. 2:25-cv-83

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

requested some similar records in FOIA requests with agency numbers 2021-ICFO-38176, 2021-ICFO-38173, 2024-ICFO-44096, and 2024-ICFO-44097.

40.    ICE has not responded to any of the UWCHR's FOIA requests listed above.

41.    In addition to using the records to help hold GEO and ICE accountable at NWIPC, NWIRP will provide responsive records to UWCHR to analyze and report on the records. UWCHR has extensive experience in providing detailed reports on conditions at NWIPC and thus will help guarantee that the release of these records benefits the public and immigrant communities by analyzing compliance with PREA and ICE policies. *See, e.g.*, UWCHR, Conditions at the Northwest Detention Center (last visited Nov. 20, 2024), https://jsis.washington.edu/humanrights/projects/human-rights-at-home/conditions-at-the-northwest-detention-center/.

### CLAIM FOR RELIEF

### Violation of Freedom of Information Act
### (Failure to Provide Timely Response to FOIA Request)

42.    Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

43.    Defendant is obligated under 5 U.S.C. § 552(a)(3) to "promptly" make available agency records requested by any person.

44.    Under 5 U.S.C. § 552(a)(6)(A)(i), Defendant must decide within twenty business days of a request whether the agency will produce responsive documents.

45.    An extension of this timeline is permitted only "[i]n unusual circumstances" where the agency provides "written notice." 5 U.S.C. § 552(a)(6)(B)(i). Such notices allow the agency to extend the response deadline for ten additional working days. *Id.*; *see also, e.g.*, *Hajro v. U.S. Citizenship & Immigr. Servs.*, 811 F.3d 1086, 1092 (9th Cir. 2016) ("The statutory time

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

limits require an agency to determine within twenty days whether to comply with a FOIA request or, in the alternative, notify the requester of any 'unusual circumstances' requiring an extension in responding to the request.").

46.    Plaintiff has exhausted its administrative remedies by making its request and waiting twenty business days, and then ten more, for a response. 5 U.S.C. § 552(a)(6)(C); *Hajro*, 811 F.3d at 1092.

47.    Accordingly, Defendant has violated the FOIA, and Plaintiff is entitled to relief requiring the agency to provide a response to its request and production of records that the agency plans to release immediately.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

a.    Assume jurisdiction over this matter;

b.    Order Defendant to immediately produce all corresponding documents and records responsive to Plaintiff's FOIA Request;

c.    Award Plaintiff attorney's fees and costs under the 5 U.S.C. § 552(a)(4)(E) and on any other basis justified under law; and

d.    Grant any other and further relief that this Court deems just and proper.

DATED this 14th of January, 2025.

s/ Matt Adams
Matt Adams, WSBA No. 28287

s/ Glenda M. Aldana Madrid
Glenda M. Aldana Madrid, WSBA No. 46987

s/ Leila Kang
Leila Kang, WSBA No. 48048

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974

COMPLAINT - 8
Case No. 2:25-cv-83

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Northwest Immigrant Rights Project
615 Second Ave., Ste 400
Seattle, WA 98104
(206) 957-8611

*Attorneys for Plaintiff*

COMPLAINT - 9
Case No. 2:25-cv-83

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611